IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS REAL,

        Plaintiff,                        No. CIV S-11-1821 GGH P

    vs.

JALAL SOLTANIAN-ZADEH, et al.,

        Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. By separate order, the court has found the first amended complaint appropriate for service upon the defendants named therein, including A. Kettelhake. The gravamen of the first amended complaint is that defendants have been deliberately indifferent to a serious medical condition from which plaintiff suffers in violation of his Eighth Amendment rights.

        On December 12, 2011, plaintiff filed a motion for a preliminary injunction or a temporary restraining order, alleging that after he "very recently" saw one of the defendants for his medical condition, this defendant, Kettelhake, stated "oh, I see that you['re] suing me," shortly after which plaintiff was put before a committee and placed on a transfer list from Mule Creek State Prison (MCSP). See Motion at docket # 10. Although plaintiff has neglected to sign a declaration under penalty of perjury, he includes an exhibit which forms the basis for his claim

1

that he was granted a hardship transfer to MCSP in 2005.  Plaintiff alleges that his placement on a transfer list is wholly retaliatory for his having brought this lawsuit.

The court construes plaintiff's motion for injunctive relief as a motion for a protective order.  Local Rule 72-302 of the Eastern District of California permits magistrate judges to handle all aspects of a prisoner's case short of jury trial.  It has also been interpreted as authorizing magistrate judges to issue orders under § 636(b)(1)(A) for non-dispositive motions or motions not involving injunctive relief.  See also United States v. Raddatz, 447 U.S. 667, 673, 100 S. Ct. 2406, 2411 (1980) (magistrate judge may hear any pretrial matter except "dispositive" motions).

Therefore, the fact that parties are directed in their activities by a magistrate judge cannot, without more, transform the matter at hand into an "injunctive" relief matter governed by § 636(b)(1)(B).  See, e.g., Grimes v. City and County of San Francisco, 951 F.2d 236 (9th Cir. 1991) (magistrate judge may compel a party to pay prospective sanctions of $500.00 per day during period of non-compliance with discovery orders to ensure compliance).  It is only when the "injunctive" relief sought goes to the merits of plaintiff's actions or to complete stays of an action that orders under § 636(b)(1)(A) are precluded.  See, e.g., Reynaga v. Cammisa, 971 F.2d 414 (9th Cir. 1992).

Pursuant to Section 636, Title 28, United States Code, magistrate judges may determine any pretrial matter unless it is "dispositive" to the action, see United States v. Raddatz, 447 U.S. 667, 673, 100 S. Ct. 2406 (1980), or seeks injunctive relief of the same character as that which may be finally granted by the action, see De Beers Consolidated Mines, Ltd. v. United States, 325 U.S. 212, 219-200, 65 S.Ct. 1130 (1945).  See 28 U.S.C. § 636(b)(1)(A).

A proper motion for injunctive relief must relate to the allegations of the complaint and seek an outcome that may ultimately be available in the action.  If there is no such relation, injunctive relief is not properly sought.  "[T]he purpose and effect of the injunction is to provide security for performance of a future order which may be entered by the court."  De Beers

Consolidated Mines, Ltd. v. United States, 325 U.S. 212, 219-220, 65 S.Ct. 1130 (1945).  "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir.1994) (affirming district court's order denying without hearing plaintiff's motion for preliminary injunction on the ground that it had "nothing to do with preserving the district court's decision-making power over the merits of [plaintiff's] 42 U.S.C. § 1983 lawsuit") (citation omitted); cf., State of New York v. United States Metals Refining Co., 771 F.2d 796, 801 (3rd Cir. 1985) (affirming district court's order granting preliminary injunction because relief requested was also available to the court pursuant to final judgment, making the distinction that "this is not a case where the preliminary injunction 'deals with a matter lying wholly outside the issues in the suit,' De Beers, 325 U.S. at 200 []").  Rule 65, Federal Rules of Civil Procedure, governing requests for injunctive relief, underscores this relevance requirement, pursuant to provisions allowing the hearing on preliminary injunction to be accelerated into a trial on the merits, preserving the right to jury trial if otherwise appropriate, and making evidence received at the hearing on preliminary injunction admissible at trial.  None of these provisions would make sense if disputes outside the complaint, and on which no trial will be had, could be considered as proceedings for injunctive relief.

         Accordingly, since matters appropriate for injunctive relief (and therefore expressly outside the dispositive authority of the magistrate judge) are limited to the merits of an action, see, e.g., Reynaga v. Camisa, 971 F.2d at 416  (orders pursuant to § 636(b)(1)(A) may not include "motions for injunctive relief"), it follows that *improperly denominated* requests for injunctive relief, addressing matters extraneous to the complaint, may be addressed and finally determined by the magistrate judge.  Such matters typically filed by plaintiff/prisoners attempt to have the court regulate every term and condition of their confinement simply because they are "in court," regardless of the relation of the currently challenged activity to the claims set forth in the complaint.

As is evident, an allegation of a retaliatory pending transfer does not go to the merits of claims of inadequate medical care. Accordingly, this matter may be handled by court order. However, before ruling on the motion, the court will consider the response of the state Attorney General's Office and of defendant Kettelhake as well as that of any defendant named in the first amended complaint who may be a member of the committee referenced in the motion who placed plaintiff on the transfer list.

Accordingly, IT IS HEREBY ORDERED that:

1. The Attorney General and pertinent defendants, as set forth above, must file a response to plaintiff's motion for a TRO/preliminary injunctive relief, filed on December 12, 2011 (docket # 10), construed as a motion for a protective order, within fourteen (14) days of the date of this order.

2. The Clerk of the Court is directed to serve a copy of plaintiff's motion at docket # 10, a copy of the order at docket # 11, and a copy of the instant order upon Monica Anderson, Supervising Deputy Attorney General electronically and to serve the same three documents by mail upon the litigation coordinator and defendant Kettelhake at Mule Creek State Prison.

DATED: December 13, 2011

    /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
real1821.ord