IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS REAL,

    Plaintiff,                  No. CIV S-11-1821 GGH P

    vs.

JALAL SOLTANIAN-ZADEH, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. By order filed on January 17, 2012, the court ordered the United States Marshal to serve the amended complaint on defendants. Process directed to two of the defendants, Galloway and Heffner, was returned unserved, and, by order filed on February 7, 2012, plaintiff was ordered to provide additional information so these defendants could be served. Following plaintiff's March 12, 2012 submission in response to the February 7th order, the U.S. Marshal was once again directed to serve these two defendants in an order filed on March 23, 2012. An executed waiver of service with respect to defendant Galloway was filed in this court on April 10, 2012; however, as to defendant Heffner, process was again returned unserved as of April 6, 2012, with staff at Mule Creek State Prison stating that this defendant is not currently working for the California Department of Corrections and

1

Rehabilitation and noting that the personnel office does not have a forwarding address. It is unclear from this note whether the personnel office referenced is one for the facility or for the entire CDCR. In any case, plaintiff makes a showing that he has diligently, if unsuccessfully, tried to find the current address for Dr. Heffner. See docket # 33. Plaintiff points out that in a second level appeal response, dated January 24, 2011, defendants have produced as an exhibit to their pending motion to dismiss, defendant Dr. L. Heffner, who evidently signed it, is therein identified as Chief Executive Officer of Mule Creek State Prison Health Care Services. It somewhat strains credulity that there would be no record at either Mule Creek or CDCR of an individual so recently employed at such a level at the Mule Creek facility. In the February 7, 2012 order, plaintiff was informed that he might seek judicial intervention if access to the requisite information was denied or unreasonably delayed.

In order to ascertain whether defendant Heffner's location can be unearthed, defendants' counsel shall query the Department of Corrections and Rehabilitation to ascertain the whereabouts of Dr. L. Heffner. If defendant Heffner is still employed with the Department of Corrections or Rehabilitation or any other California state agency, counsel shall provide the business address to plaintiff. If counsel is otherwise informed of the business address of defendant Heffner, counsel shall provide the address to plaintiff. In the event that counsel, after conducting a good faith inquiry, cannot ascertain the business address of defendant Heffner, counsel shall so inform the court. Defendants' counsel shall file and serve the appropriate response within fourteen days of the file date of this order.

IT IS SO ORDERED.

DATED: April 19, 2012

                          /s/ Gregory G. Hollows
                        UNITED STATES MAGISTRATE JUDGE

GGH:009
real1821.8supp