IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS REAL,

      Plaintiff,                    No. 2: 11-cv-1821 GGH P

      vs.

JALAL SOLTANIAN-ZADEH, et al.,

      Defendants.             ORDER

_____/

      Defendants filed a motion to dismiss, pursuant to non-enumerated Rule 12(b), as well as under Fed. R. Civ. P 12(b)(6), which has been fully briefed and is pending. As to the ground for dismissal raised under non-enumerated Rule 12(b), plaintiff was previously informed of the requirements to oppose a motion to dismiss for failure to exhaust pursuant Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). However, in light of Woods v. Carey, --- F.3d ----, 2012 WL 2626912 (9th Cir. July 6, 2012), plaintiff will be informed again.

      Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), the court hereby informs plaintiff of the following requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b). Such a motion is a request that the court dismiss without prejudice any unexhausted claims. The moving party may

1 submit affidavits or declarations under penalty of perjury and admissible documents to support
2 the motion to dismiss.  To oppose the motion, plaintiff may likewise file declarations under
3 penalty of perjury and admissible documents.  Plaintiff may rely on plaintiff's statements made
4 under penalty of perjury in the operative complaint if that complaint shows that plaintiff has
5 personal knowledge of the matters stated and plaintiff specifies the parts of the operative
6 complaint on which plaintiff relies.  Plaintiff may also rely on one or more affidavits or
7 declarations sworn to by other persons who have personal knowledge of relevant matters.  In
8 addition, plaintiff may rely on written records, but plaintiff must prove that the records are what
9 plaintiff asserts they are.  If plaintiff fails to contradict defendant's evidence with admissible
10 evidence, the court may rely on defendant's evidence.  In the event both sides submit matters
11 outside of the pleadings, the court may look beyond the pleadings and decide disputed issues of
12 fact.  If plaintiff does not file a written opposition to the motion, the court may consider the
13 failure to act as a waiver of opposition to the motion.  See L.R. 230(l).  If the court grants the
14 motion to dismiss, whether opposed or unopposed, plaintiff's unexhausted claims will be
15 dismissed without prejudice.  A motion or opposition supported by unsigned affidavits or
16 declarations will be stricken.

17 Plaintiff will be provided 21 days to file additional evidentiary submissions if he
18 wishes.  No extensions will be given.

19 Accordingly, IT IS HEREBY ORDERED that plaintiff will be provided 21 days
20 to file additional evidentiary submissions if he wishes.  There will be no extensions of time.
21 DATED: July 12, 2012

22                                  /s/ Gregory G. Hollows
                                 UNITED STATES MAGISTRATE JUDGE
23 GGH: 009
real1821..brf