| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DOUGLAS REAL, | No. 2: 11-cv-1821 LKK AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| JALAL SOLTANIAN-ZADEH, et al., | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S. § 1983. On July 16, 2013 plaintiff filed a Notice of Change of Address that resulted in his address of record being changed from his institutional address to the address of a "legal assistant" outside the Department of Corrections and Rehabilitation. ECF No. 60. The Local Rules require that a party proceeding in pro per notify the court and opposing counsel of a change of address *of the pro se party*. Local Rule 182(f); see also Local Rule 183(b) ("A party appearing in propria persona shall keep the Court and opposing parties advised as to *his or her current address. . . .*") (emphasis added). The Stevenson Ranch address provided by plaintiff is not the current address of plaintiff himself, who is incarcerated at the Correctional Training Facility in Soledad. Accordingly, the Clerk will be directed to correct the docket to reflect plaintiff's own current address.

Although prison officials must permit inmates to assist one another with civil rights

1

actions where the state does not provide legal assistance, see Wolff v. McDonnell, 418 U.S. 539, 577-580 (1974), there is no right to the assistance of a non-lawyer outside the institution. And whatever its contours, the right to assistance does not create a right to have another individual stand in plaintiff's shoes for litigation related purposes. Plaintiff is certainly free to share his legal materials with whomever he chooses for whatever purpose he chooses, including advice or the making of copies, but no non-attorney may serve in a representative capacity. Simon v. Hartford Life, Inc. 546 F.3d 661, 664 (9th Cir. 2008); see also Local Rule 183. Plaintiff's reliance on Fed. R. Civ. P. 5(b)(F)[1] is unavailing, as that rule deals with the method of service (e.g., by mail, in person, or electronically) and not the ability of a pro se party to designate a non-party as an agent for service.

The court must have confidence that its orders are delivered promptly and directly to the pro se plaintiff. Therefore plaintiff must use his own address as his address of record for purposes of litigation. If plaintiff requires additional time to respond to any matter because of delays caused by sending materials out of the institution for copying, the court will consider such requests.

Accordingly, IT IS ORDERED that:

1. The Clerk of the Court shall correct plaintiff's address of record as follows:

   Douglas Real
   D-16502
   Correctional Training Facility
   P.O. Box 689
   Soledad, CA 93960

2. Plaintiff shall apprise the court and opposing parties of any future transfers by filing a Notice of Change of Address specifying his new institution. Plaintiff must use his own current address as his address of record in this case.

DATED: February 20, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] See ECF No. 61 at 2.

2