1

2

3

4

5

6

7

8                                 UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DOUGLAS REAL,                                    No.  2: 11-cv-1821 LKK AC P

12                    Plaintiff,

13            v.

14    JALAL SOLTANIAN-ZADEH, et al.,                   ORDER

15                    Defendants.

16

17            Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18    U.S. § 1983.  Pending before the court is plaintiff's motion to compel defendants' responses to his

19    discovery requests.  ECF No. 61.  Defendants oppose the motion.  ECF No. 62.

20            The Discovery and Scheduling Order ("DSO") was filed in this case on May 2, 2013.

21    ECF No. 56.  The DSO set a discovery deadline of August 23, 2013 with all discovery requests to

22    be served not later than sixty days prior to that date.  The dispositive motion deadline was set as

23    January 15, 2014.  On January 10, 2014, plaintiff moved for partial summary judgment and,

24    belatedly, for an extension of the discovery cut-off date.  ECF No. 63.  Defendants opposed that

25    motion and moved to strike plaintiff's evidence filed in support of his motion for summary

26    judgment.  ECF Nos. 66, 67.  Defendants filed their summary judgment motion on January 15,

27    2014.  ECF No. 64.  Plaintiff appears to have relied on his motion for partial summary judgment

28

                                                      1

1  and on a tardy request for an extension of time to complete discovery in place of filing an

2  opposition to defendants' dispositive motion.

3                    ALLEGATIONS OF THE AMENDED COMPLAINT

4           This action proceeds against defendant Soltanian-Zadeh and Tseng on plaintiff's claims of

5  inadequate medical care for a serious medical condition.  Plaintiff suffers from levoconvex

6  idiopathic scoliosis, a spinal deformity, a condition which causes plaintiff chronic pain that at

7  times is almost unbearable.  Over a fourteen-year period preceding the events at issue, plaintiff

8  had received treatment and medication necessary for pain management.  In November of 2010

9  plaintiff was seen by defendant Dr. Soltanian-Zadeh, who did not listen to plaintiff's complaints

10  and refused to provide any pain management.  Dr. Soltanian-Zadeh opined without medical

11  evidence that plaintiff's "whole problem is from improper stretching," and refusied to prescribe

12  the necessary medications that had been provided by other doctors in the past.  After submitting a

13  grievance regarding his unmet medical needs, plaintiff was seen by defendant Dr. Tseng.  Dr.

14  Tseng took no action to relieve plaintiff's suffering.  Although Tseng was aware of plaintiff's

15  condition and had previously prescribed pain medications for him, on this occasion Tseng failed

16  to provide treatment.  Plaintiff seeks compensatory and punitive damages and well as injunctive

17  relief in the form of receipt of previously prescribed medications on an "as needed" basis.[1]  ECF

18  No. 8.

19                              MOTION TO COMPEL

20          Plaintiff represents that defendants have altogether failed to provide responses to his

21  discovery requests.  ECF No. 61.  Plaintiff first faults defendants' counsel for refusing to serve

22  him via his legal assistant.  The issue of plaintiff's address of record is addressed by separate

23  order.  The opinion of defendants' counsel that plaintiff should not be served via an intermediary

24  did not relieve defendants of the obligation to respond to discovery requests.

25          The more serious issue is the timeliness of plaintiff's discovery requests.  In a letter dated

26  July 20, 2013 and provided by both parties (ECF No. 61 at 8 and No. 62 at 15), defendant's

27

28
_____
[1] Other defendants and a state law negligence claim have been previously dismissed from the first
amended complaint.  ECF Nos. 49, 53.

1  counsel informed plaintiff that he had received (1) plaintiff's request for production of

2  documents, set one; (2) request for production of documents, set two; (3) first set of

3  interrogatories to defendant T. Seng; and (4) first set of interrogatories to defendant Soltanian-

4  Zadeh.  However, the letter states that the proof of service of the discovery showed the requests

5  were served on June 27, 2013, beyond the deadline for service of discovery requests as set forth

6  in the court's Discovery and Scheduling Order.[2]  As defendants point out, plaintiff had not filed

7  or been granted an extension of time to serve the discovery.  Defendants maintain that they were

8  under no obligation to respond to untimely discovery requests.

9  　　　　The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad.  Discovery may be

10  obtained as to "any nonprivileged matter that is relevant to any party's claim or defense─

11  including the existence, description, nature, custody, condition and location of any documents or

12  other tangible things and the identity and location of persons who know of any discoverable

13  matter."  Id.  Discovery may be sought of relevant information not admissible at trial "if the

14  discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

15  The court, however, may limit discovery if it "…. is unreasonably cumulative or duplicative," or

16  can be obtained from another source "that is more convenient, less burdensome, or less

17  expensive"; or if the party who seeks discovery "has had ample opportunity to obtain the

18  information by discovery…."; or if the proposed discovery is overly burdensome.  Fed. R. Civ. P.

19  26(b)(2)(C)(i), (ii) and (iii)).

20  　　　　 Plaintiff's discovery requests were served well before the close of discovery, but are dated

21  three days after they should have been served in order to comply with the court's directive that

22  requests be served at least 60 days prior to that deadline.[3]  The DSO did not specify a date certain

23  for service of discovery requests, but directed service not later than 60 days prior to August 23,

24  2013.  Plaintiff's proofs of service dated June 23, 2013, exactly two calendar months but slightly

25  ─────────────────────────

[2] June 27, 2013, is the date provided on the proofs of service of the discovery requests.

26  Defendants represent, however that the envelopes in which the requests were postmarked July 8, 2013 and were mailed from an inmate incarcerated at a different prison than plaintiff.

27  [3] The requests were mailed out to defense counsel by a third party two weeks short of the required 60 day period.  Whether the proof of service date or the postmark date is used as the effective

28  service date, the delay was slight.

3

1  more than 60 days prior to August 23.  The motion to compel was filed relatively promptly after

2  the dispute arose -- less than a month after the date of defendants' letter declining to produce

3  responses.  These facts reflect reasonable diligence on plaintiff's part.  Although unrepresented

4  parties are expected "to follow the same rules of procedure that govern other litigants," King v.

5  Atiyeh, 814 F.2d 565, 576 (9th Cir. 1987), [4] inflexible enforcement of the scheduling order on

6  these facts would have the draconian effect of depriving plaintiff of *all* discovery.  Such a result is

7  inconsistent with the liberality due the pro se plaintiff.  Defendants will therefore be directed to

8  provide plaintiff with responses to his discovery requests and provide proof of having done so

9  within 45 days of the filing of this order.  Defendants' motion for summary judgment will be

10  vacated without prejudice to notice of its renewal within thirty days of defendants having served

11  plaintiff with their discovery responses.  Fed R. Civ. P. 56(d).

12        Accordingly, IT IS ORDERED that:

13        1.  Plaintiff's motion to compel discovery responses from defendants (ECF No. 61) is

14  granted, discovery is re-opened for the limited purpose of allowing plaintiff responses to his

15  previously-propounded discovery requests;

16        2.  Defendants must provide their responses to plaintiff's previously served discovery

17  requests within forty-five (45) days of the date of this order;

18        3.  To the extent that plaintiff seeks to extend the discovery cut-off date by his motion for

19  partial summary judgment and to extend the discovery cut-off date (ECF No. 63), that motion is

20  denied as moot;

21        4.  Plaintiff's motion for partial summary judgment (ECF No. 63) is vacated from the

22  court's calendar without prejudice to its modification and renewal once defendants' discovery

23  responses have been served upon him;

24        5.  Defendants' motion for summary judgment (ECF No. 64) is vacated from the court's

25  calendar pursuant to Fed. R. Civ. P. 56(d) without prejudice and subject to being re-noticed upon

26  ////

27

28
---
[4] Overruled in part on another ground by Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012).

1   the filing, within forty-five days, of proof of service of defendants' discovery responses upon

2   plaintiff.

3   DATED: February 20, 2014

4   _____
    ALLISON CLAIRE

5   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28